■ BARALAN INTERNATIONAL, S.P.A., Respondent, v VETRERIE BORMIOLI INC. et al., Defendants, and AVANT INDUSTRIES, LTD., Appellant.—Order, Supreme Court, New York County (Irma V. Santaella, J.), entered April 19, 1991, to the extent that it denied defendant Avant's motion for an order directing David Baranes and Vittorio Halfon to answer certain questions at further depositions, unanimously modified on the law, that

portion of the motion is granted, with depositions to be taken at Avant's expense, and the order is otherwise affirmed, without costs.

Crucial to the surviving cause of action herein for goods sold and delivered is the question of the authority of Avant's former president, Rino Baranes, in connection with Avant's acquisition of shipments of cosmetics bottles in 1978-79 from Laborvetro S.p.A., one of its regular suppliers, but under plaintiff's invoices. The issue is whether a legal liability to plaintiff ensued as a result, or whether that invoice substitution had been merely a device to accommodate Laborvetro in its financial relations with plaintiff. Avant claims that at the time of the transaction, the fact that its obligation was to Laborvetro and not to plaintiff should have been quite clear to the latter, inasmuch as Rino Baranes was also the de facto operating head of plaintiff. This was confirmed in a 1985 affidavit by Halfon, plaintiff's general manager.

In Milan in 1990, Avant deposed Halfon and David Baranes (plaintiff's president, who also happened to be Rino Baranes' brother), who now tried to minimize Rino Baranes' authority over plaintiff. They refused, however, to answer questions regarding earlier contradictory testimony they had given, apparently not under oath, in the course of continuing Italian criminal proceedings whose pendency had occasioned a four-year delay in the instant proceedings. Avant moved in New York for an order compelling these witnesses to answer this line of questioning, either here or in Italy, and to produce plaintiff's shipping clerk, Giuseppe Scamarda, for deposition as well. The IAS court authorized the deposition of Scamarda in Italy, at Avant's expense, but denied further depositions of Halfon and David Baranes. That denial was error.

The IAS court's ruling was premised on the assumption that Avant intends to use the contradictory prior statements by Halfon and David Baranes primarily for impeachment purposes. But that presupposes that Halfon and David Baranes will be available to testify at trial, a prospect that is by no means certain. Because of the distinct possibility that the statements of Halfon and David Baranes will merely be read into the record at trial, Avant should have the opportunity to confront these witnesses with their prior inconsistent statements in the Italian proceedings on the subject of Rino Baranes' connection with plaintiff at the time. Such a ruling would have required relatively little additional expense in light of the balance of the order calling for Scamarda's deposition in Italy.

We see no reason to disturb the application of the general rule in this case that the party noticing a deposition should bear its expense (CPLR 3116 [d]). Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.